| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| CONSEJO DE TITULARES DEL CONDOMINIO MIRADORES DEL YUNQUE, ATTENURE HOLDINGS TRUST 9 Y HRH PROPERTY HOLDING LLC<br><br>Recurrido<br><br>v.<br><br>ONE ALLIANCE INSURANCE CORP.<br><br>Peticionario | KLCE202301207 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. FA2019CV01105<br><br>Sobre:<br>Daños, Seguros, Incumplimiento Aseguradoras Huracanes Irma/María Sentencia Declaratoria |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

I.

El 5 de septiembre de 2019, el Consejo de Titulares del Condominio Miradores del Yunque, Attenure Holdings Trust 9 y HRH Property Holdings, LLC. (Consejo *et al.*), instaron *Demanda* contra One Alliance Insurance Corp. Alegaron que, One Alliance incumplió con su obligación bajo la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el *Código de Seguros de Puerto Rico,* así como el contrato de seguros entre las partes.

Tras varias incidencias procesales, el 21 de agosto de 2020, notificada el 31, el Tribunal de Primera Instancia emitió *Resolución,* mediante el cual refirió el caso a la Oficina del Comisionado de Seguros (OCS) para que se realizara la valoración de daños o "*Appraisal*". A pesar de que los procedimientos fueron paralizados,

el Foro *a quo* retuvo jurisdicción para resolver cualquier disputa de derecho pendiente al finalizar el procedimiento ante la OCS.

Posteriormente, el 10 de agosto de 2022, One Alliance informó que había nombrado al Ing. Antonio Echevarría como su tasador. Tras continuar sin dar comienzo el proceso de *aprraisal*, el 31 de agosto de 2023, el Consejo *et al.*, instó *Urgente Solicitud de Orden con relación al Proceso de Valorización de Daños o Appraisal.* Alegaron que, el 16 de agosto de 2023, One Alliance había incorporado al Lcdo. Jaime Mayol Bianchi como tasador adicional al proceso de valorización. Ante ello, sostuvieron que dicha actuación continuaba dilatando y entorpeciendo los procedimientos. En adición, expresaron que el Lcdo. Mayol Bianchi no era elegible para fungir como tasador en la reclamación ya que era el abogado de récord de One Alliance en otro caso relacionado a los daños del huracán María. Por lo que solicitaron que se ordenara a One Alliance retirar dicho nombramiento.

Por su parte, el 14 de septiembre de 2023, One Alliance presentó *Oposición a Urgente Solicitud de Orden con relación al Proceso de Valorización de Daños o Appraisal.* A esos efectos, el 19 de septiembre de 2023, el Tribunal de Primera Instancia emitió Resolución. Concluyó que, "*conforme las directrices del Comisionado de Seguros y el proceso de "Appraisal", tanto los demandantes como los demandados tendrán derecho a presentar UN perito por parte; o sea, un perito por los demandantes y UNO por los demandados*".

En desacuerdo, el 3 de octubre de 2023, One Alliance solicitó *Reconsideración.* Además de insistir en que la OCS había resuelto que no había límite en la cantidad de tasadores nombrados, señaló que, traer la controversia al Foro *a quo*, era una reconsideración del dictamen de la OCS disfrazado. En la misma fecha, el Foro primario se negó a reconsiderar.

Inconforme aun, el 2 de noviembre de 2023, One Alliance acudió ante nos mediante *Certiorari Civil*. Sostiene:

**Primer error**

ERRÓ EL TPI AL ADJUDICAR, SIN JURISDICCIÓN PARA ELLO, UNA CONTROVERSIA SUSCITADA EN EL PROCEDIMIENTO ADMINISTRATIVO DE "APPRAISAL" QUE NO HA CULMINADO Y ESTÁ VENTILÁNDOSE ANTE LA OCS; A PESAR DE QUE EXISTE RESOLUCIÓN JUDICIAL FINAL, FIRME E INAPELABLE DE PARALIZACIÓN DEL CASO ANTE EL TPI HASTA QUE CULMINE EL PROCEDIMIENTO ADMINISTRATIVO DE "APPRAISAL"[.]

**Segundo error:**

ERRÓ EL TPI AL NO OTORGAR LA DEFERENCIA Y RESPETO QUE MERECE LA OCS POR CONDUCTO DE LA COMISIONADA AUXILIAR, EN CUANTO A SU DETERMINACIÓN DEL 18 DE AGOSTO DE 2022; EN AUSENCIA DE ERROR EN APLICACIÓN DE LA LEY Y/O ACTUACIÓN ARBITRARIA, IRRAZONABLE O ILEGAL DE LA OCS. EL TPI NO DEBIÓ REVOCAR, TÁCITAMENTE, UNA DETERMINACIÓN EMITIDA POR DICHA AGENCIA ADMINISTRATIVA.

Evaluado el *Recurso*, el 8 de noviembre de 2023, emitimos *Resolución* concediéndole término de veinte (20) días al Consejo *et al.*, para que presentara su posición. Ante ello, el 28 de noviembre de 2023, el Consejo *et al.*, presentó *Oposición a Petición de Certiorari*. De inicio, sostienen que este tribunal no debe atender el recurso instado por One Alliance. Además, aducen que, según nuestro ordenamiento jurídico, el foro judicial es quien retiene jurisdicción para resolver las cuestiones de derecho que surjan durante el proceso de *Appraisal*.

II.

Todo dictamen emitido por el Tribunal de Primera Instancia en el curso del proceso judicial es revisable, bien sea por apelación o por *certiorari*. El auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción,

se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[1] No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[2]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

El *certiorari*, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[4] La denegatoria de expedir un auto de *certiorari*, no constituye una adjudicación en los méritos. Es el ejercicio de nuestra facultad

---

[1] *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79 (2001).

[2] *Medina Nazario* v. *McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón,* 192 DPR 567, 588 (2015).

[3] 4 LPRA Ap. XXII-B, R. 40.

[4] *Pérez* v. *Tribunal de Distrito,* 69 DPR 4, 7 (1948).

discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito.[5] La parte afectada con la denegatoria de expedirse el auto de *certiorari*, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario.[6]

Además, como se sabe, "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción".[7] El tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro intermedio apelativo, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[8]

## III.

Hemos evaluado el dictamen impugnado y coincidimos con la parte recurrida en que, el mismo refleja una aplicación correcta del derecho por parte del Foro *a quo*. No encontramos ningún elemento jurídico que amerite nuestra intervención en este momento.

---

[5] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.40; *Filiberty* v. *Soc. de Gananciales*, 147 DPR 834, 838 (1999).

[6] *Negrón*, 154 DPR, pág. 93; *Bco. Popular de P.R.* v. *Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

[7] *Meléndez* v. *Caribbean Int'l News*, 151 DPR 649, 664-665 (2000); *Lluch* v. *España Service Sta.*, 117 DPR 729, 745 (1986); *Valencia, Ex Parte*, 116 DPR 909, 913 (1986).

[8] *García* v. *Asociación*, 165 DPR 311 (2005); *Meléndez*, 151 DPR, págs. 664-665.

IV.

Por los fundamentos antes expuestos, *denegamos* la expedición del presente recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones